## STATE v. SIMMONS.

### Opinion delivered February 22, 1915.

1. ELECTIONS—ELECTIONEERING NEAR POLLING PLACE—PRIMARY ELECTIONS. —Kirby's Digest, § 2823, making it unlawful for any judge of election to do any electioneering on an election day, or for any one to do so within one hundred feet of a polling place, is confined in its operation entirely to general elections and not to primary elections.

2. ELECTIONS—PRIMARY ELECTIONS—GENERAL ELECTIONS.—In the absence of a declaration to that effect, the general election laws have no application to legalized primary elections.

3. CRIMINAL LAW—INTERPRETATION OF STATUTES—IMPLICATION.—Criminal statutes are to be strictly construed, and an act will not be declared to come within the criminal laws of the State by implication.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; affirmed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

The court erred in sustaining the demurrer to the indictment. It is not necessary for the indictment to follow the language of the statute literally, but it is sufficient if it states the offense substantially in the language of the statute. Kirby's Dig., § 2823; 77 Ark. 321; 93 Ark. 406; 94 Ark. 65; 97 Ark. 6; Kirby's Dig., § § 2228, 2241-2-3; 102 Ark. 174; 100 Ark. 413, 414; 107 Ark. 36.

*N. F. Lamb,* for appellee.

1. If section 2823, Kirby's Digest, includes primary elections, we concede that it is sufficient to charge an offense; but a casual reference to the original act, of which this section is sectioned numbered 39, Act March 4, 1891, will disclose that primary elections were not within the legislative mind.

The first general primary election law was enacted in 1895, see Kirby's Dig., § § 2892, 2896. And while this act denounced certain conduct as criminal, it provided penalties entirely different from those provided in the Act of 1891, relating to general elections.

2. Laws can not be revived, amended or the provisions thereof extended, etc., by reference to the titles only. Art 5, § 22, Const.; 52 Ark. 290; 40 Ark. 131.

McCulloch, C. J.  The circuit court sustained a demurrer to an indictment charging appellee with having violated the election laws of the State while acting as a judge of a primary election by electioneering with a voter. The State has appealed.

(1)  The indictment was framed under a section of the general election law of the State which contains the following provisions: "No officer of election shall do any electioneering on election day. No person whomsoever shall do any electioneering in any polling room or within one hundred feet of any polling room on election day." Kirby's Digest, § 2823. The election at which appellant is alleged to have served, and during which service he is charged with offending against the statute,

was the primary election held by the Democratic party on March 25, 1914, for the purpose of nominating the candidates of that party for State and county offices. The trial court held that the statute quoted above was confined in its operations entirely to general elections, and not to primary elections. We think the court was right in that construction of the statute, for we find no statute of the State which makes electioneering at the polls of a primary election an offense. The general election law of the State (Ch. 57 of Kirby's Digest) was made applicable only to the regular biennial elections of the State and special elections held to fill vacancies. It had no application to primary elections, for they were unknown to our statutes at the time our last election law was passed by the General Assembly of 1891.

(2-3) The first law on the subject of primary elections was enacted by the General Assembly of 1895. The first section declared that whenever any political party in the State shall nominate candidates by primary election, "the said primary election shall be and is hereby made a legal election," but that the act should not apply or be in force unless the county central committee of the party should so declare and file a certificate thereof with the county clerk. Then the statute went on to provide for the selection of judges and clerks of the election, and prescribed penalties for certain misconduct on the part of those officers. The next primary election statute was passed by the General Assembly of 1909, and it repealed the first section of the Act of 1895, and substituted another section which omitted the provision leaving it optional with the county central committee about making the primary election a legal election and declares that whenever any political party shall nominate candidates by primary election, "the said primary election shall be and is hereby made a legal election." That act provides, however, that the judges and clerks of election shall be selected by the county central committee of the party, and provides penalties for certain acts or misconduct of the judges and clerks of election. It contains

however no provision against electioneering on the part of the election officers. It can not be successfully urged, we think, that the Legislature, in declaring primary elections to be legal elections, intended to bring them within the whole scope and operation of the election laws of the State. Other and more appropriate language would have been used if such had been the legislative intent. The mere declaration that a primary election "shall be and is hereby made a legal election" is not sufficient to show a legislative intent to bring the subject within the operation of the election laws. The fact that the Legislature went further and provided the method of selection of judges and clerks, their qualifications for office and duties, and named other provisions—some of them the same as those prescribed by the general election laws and others inconsistent therewith—shows that the lawmakers intended by that act to lay down all the rules that they deemed sufficient to control primary elections. However incomplete the statutes of the State are at this time with respect to the control of primary elections, they represent, at least in concrete form, all that the lawmakers intended to prescribe. We are unable to discover any language used which would warrant a stretch of the general election law of the State in all of its provisions to primary elections. Criminal statutes are strictly construed, and it would violate the accepted canons of interpretation to declare an act to come within the criminal laws of the State merely by implication.

Counsel for appellee contend that even if the language of the first section justified an inference that the Legislature intended to bring primary elections within the operation of the general election law, it would be violative of that part of the Constitution which contains an inhibition against extending laws by reference to title only; but we find it unnecessary to pass upon that question, for the reason that we have reached the conclusion, as above announced, that such was not the intention of the Legislature, and that the language was not suffi-

cient to indicate such a purpose on the part of the law-makers.

Judgment affirmed.

KIRBY and SMITH, JJ., dissent.