## Clinton CAVIN *v.* STATE of Arkansas

CR 84-191                                       681 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*William C. McArthur,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

PER CURIAM. On March 22, 1982 Clinton Cavin entered a plea of guilty to two counts of theft by deception. The court suspended sentence for a period of eight years on the condition that appellant make restitution to his victims in the amount of $66,240 of which $20,000 was to be paid on March 22, 1983 and the balance in annual installments of $5,000. The suspension was further conditioned upon payment of court costs, a fine of $10,000 and good behavior. On July 28, 1983 the suspension was revoked on a finding of the court that appellant had inexcusably failed to make any payments of restitution or court costs and committed him to the Arkansas Department of Correction for a term of eight

years. The Court of Appeals affirmed the revocation. *Cavin* v. *State,* 11 Ark. App. 294, 669 S.W.2d 508 (1984).

Petitioner now seeks permission to proceed in the circuit court with two allegations of ineffective assistance of counsel, neither of which is substantiated with facts or supported with a showing of prejudice. Petitioner first alleges that counsel failed to document his lack of income, but he fails to state what documentation was available. An assertion that counsel could have done something more is not grounds for an evidentiary hearing unless the petitioner demonstrates that there was in fact some specific evidence to be presented to the court. *Blakely* v. *State,* 283 Ark. 138, 677 S.W.2d 183 (1984); *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982).

After the state responded to this petition and it had been submitted to us, petitioner requested permission to substitute another petition in which he would provide some factual support for the allegation concerning petitioner's income. The facts consisted of statements that petitioner's only income was an expense account and that petitioner had worked and some commissions were due to be paid to him. The bare statements, however, do not demonstrate that counsel's conduct in not eliciting the evidence at the revocation hearing so undermined the proper functioning of the adversarial process that the hearing cannot be relied on as having produced a just result. *See Strickland* v. *Washington,* ___U.S.___, 104 S. Ct. 2052 (1984). Counsel did produce evidence of petitioner's financial status. There may have been other evidence, but the petition he has asked to substitute does not show it to be so significant that the outcome of the hearing was rendered unreliable because it was omitted. In nearly every trial and hearing there are facts which could have been brought out or witnesses who could have been called. Merely citing those facts or naming the witnesses is not enough to prove that the proceeding was unfair. Accordingly, the motion to substitute is denied.

Petitioner also alleged that counsel failed to object to the lack of written conditions of his suspended sentence. While it is true that written conditions of a suspended

sentence must be provided to the convicted defendant, *Ross v. State,* 268 Ark. 189, 594 S.W.2d 852 (1980), the question is before us in a petition for postconviction relief, not on direct appeal. To prevail on the allegation of ineffective assistance of counsel under Rule 37, a petitioner must do more than state that some right was not afforded him. He must establish actual prejudice arising from counsel's conduct; that is, the petitioner must show that not having the written list of conditions prejudiced him in some specific way. The record, however, indicates that petitioner knew he was not abiding by the conditions of his release. There was nothing to suggest at the revocation hearing, nor is there anything to suggest in the Rule 37 petition, that petitioner was not fully aware of what he was required to do to remain free. An allegation of ineffective assistance of counsel without a showing of prejudice does not warrant further consideration by this court. *Strickland* v. *Washington.*

Petition denied.

JOHN I. PURTLE, Justice, dissenting. In his petition to proceed in the trial court pursuant to a Rule 37 claim of ineffective assistance of counsel, petitioner states that counsel was ineffective by his "failure to object to lack of written conditions of petitioner's probation." We have held that failure to furnish written conditions of probation prevents revocation. In *Ross* v. *State,* 268 Ark. 189, 594 S.W.2d 852 (1980) we stated:

> [A]ll conditions for a suspended sentence, including any requirement of good behavior, *must be in writing* if the suspended sentence is to be revokable. Therefore, courts have no power to imply and subsequently revoke conditions which were not expressly communicated *in writing* to a defendant as a condition of his suspended sentence. [My emphasis].

In addition to precedent we have statutory responsibility to see that trial courts place conditions of suspended imposition of sentence in writing. Arkansas Stat. Ann. § 41-1203 (4) (Repl. 1977) states:

If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant *shall be given a written statement* explicitly setting forth the conditions under which he is being released. [My emphasis].

Certainly the petitioner was prejudiced by the failure of defense counsel to bring this to the attention of the court. It is my opinion that had he done so the court would have delayed revocation and issued a set of written conditions as required by law and precedent. No harm can possibly be done by allowing the trial court to reevaluate the case. Being in prison is certainly more prejudicial to one's well being then being on the outside looking in. Prejudice is obvious in this case. There are no words more specific than those used in the petition. How else could it be made more specific than the way it is stated? The statute requiring conditions of suspension or probation to be in writing is not new. The *Ross* case had been decided four years before this case was tried. It seems to me that failure to bring this matter to the attention of the court is of the same magnitude as failing to point out that the rules for a speedy trial have been ignored, and we have granted Rule 37 relief for failure to bring this to the attention of the court. *Clark* v. *State,* 274 Ark. 81, 621 S.W.2d 857 (1981). Therefore, I believe we should at least give the trial court an opportunity to examine the proceedings and make its own determination of the facts and the law. Many trial courts would appreciate the opportunity to look at the proceedings after trial and appeal to see if there is some action needed to further the criminal justice system and to see that justice is done insofar as possible.