2013 Ark. 203

**STATE of Arkansas, Appellant**

v.

**Telecia COLVIN, Appellee.**

**No. CR 12–739.**

Supreme Court of Arkansas.

May 16, 2013.

---

2. Appellant was not tried with a codefendant.

William R. Simpson, Jr., Public Defender; by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Rachel Kemp, Ass't Att'y Gen., for appellee.

COURTNEY HUDSON GOODSON, Justice.

The State of Arkansas brings this appeal from a sentencing order entered by the Pulaski County Circuit Court upon finding appellee Telecia Colvin guilty of aggravated assault on a family or household member along with an enhancement for committing the offense in the presence of a child. For reversal, the State contends that the circuit court imposed an illegal sentence by suspending the sentence for the enhancement. We find merit in the appeal and reverse and remand for resentencing.

As a threshold matter, we must determine whether the State may appeal the sentencing order. Unlike the right of a criminal defendant to bring an appeal, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Richardson,* 373 Ark. 1, 280 S.W.3d 20 (2008). Under this rule, we accept appeals by the State when our holding would be important to the correct and uniform administration of Arkansas criminal law. *State v. Hardiman,* 353 Ark. 125, 114 S.W.3d 164 (2003). We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *State v. Stephenson,* 340 Ark. 229, 231, 9 S.W.3d 495, 496 (2000) (quoting *State v. Freeman,* 312 Ark. 34, 35–36, 846 S.W.2d 660, 660 (1993)). An erroneous application of the sentencing statutes, which the State alleges in this case, affects the correct and uniform administration of justice. *State v. Pinell,* 353 Ark. 129, 114 S.W.3d 175 (2003). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the trial court. *Hardiman, supra; State v. Rodriques,* 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Kinard,* 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Brummett,* 318 Ark. 220, 885 S.W.2d 8 (1994). Therefore, jurisdiction of this appeal is properly in this court.

The pertinent facts of this case are not in dispute. The prosecuting attorney in Pulaski County charged Colvin with aggravated assault on a family or household member, a violation of Arkansas Code Annotated section 5–26–306 (Repl.2006). The information also included the allegation that any sentence she might receive for that offense was subject to enhancement, pursuant to Arkansas Code Annotated section 5–4–702 (Supp.2011), for committing

the offense in the presence of a child. The testimony adduced at the ensuing bench trial reveals that Colvin crashed her vehicle into the back and also the driver's side of the car driven by Robert Redmon, the father of Colvin's infant daughter. Redmon was not injured, but his car sustained damage. Testimony also reflects that the child was riding in the vehicle with Colvin when the incident occurred. Based on this evidence, the circuit court found Colvin guilty of aggravated assault on a household member. The court also determined that a child was present during the commission of the offense. For the assault, the circuit court suspended imposition of sentence for a period of five years, ordered Colvin to spend twenty days in the county jail, imposed a fine of $1,000 plus court costs, and ordered Colvin to pay restitution in the amount of $2,300. Over the State's objection, the court sentenced her on the enhancement to "one year consecutive, suspended." The State now appeals, arguing that section 5–4–702 mandates the imposition of a term of imprisonment for the enhancement and that the circuit court lacked the authority to suspend the sentence. In response, Colvin argues that the sentencing provisions of section 5–4–702 are not mandatory and that neither Arkansas Code Annotated section 5–4–104 (Supp. 2011), nor section 5–4–301 (Supp.2011), which both address alternative sentencing, prohibits the suspension of the enhanced sentence.

■ In Arkansas, sentencing is entirely a matter of statute. *Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007). Arkansas Code Annotated section 5–4–104(a) states that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." *White v. State,* 2012 Ark. 221, 408 S.W.3d 720. Where the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *State v. Fountain,* 350 Ark. 437, 88 S.W.3d 411 (2002).

Section 5–4–702(a) provides that persons who commit certain offenses, including assault on a family or household member, "may be subject to an enhanced sentence of an additional term of imprisonment of not less than one (1) year and not greater than ten (10) years if the offense is committed in the presence of a child." Further, the statute provides that "[t]he enhanced portion of the sentence is consecutive to any other sentence imposed" and that the "person convicted under this subsection is not eligible for early release on parole or community correction transfer for the enhanced portion of the sentence." Ark.Code Ann. § 5–4–702(d) & (e).

Also relevant here are sections 5–4–104 and 5–4–301. These statutes prohibit probation and the suspended imposition of sentence for the offenses of capital murder, treason, driving while intoxicated, second-degree murder, engaging in a criminal enterprise, and class Y felonies.[1] Ark. Code Ann. § 5–4–104(e)(1)(A); Ark.Code Ann. § 5–4–301(a)(1). In addition, a person previously convicted of two or more felonies is not eligible for suspended imposition of sentence or probation. Ark.Code Ann. § 5–4–301(a)(2)(A) & (B). "In any other case, the court may suspend imposition of sentence or place the defendant on probation ... *except as otherwise specifically prohibited by statute.*" Ark.Code Ann. § 5–4–104(e)(1)(B)(i). Consistent with the italicized portion of section 5–4–

---

1. For class Y felonies and second-degree murder, a circuit court may, however, suspend imposition of an additional term of imprisonment. Ark.Code Ann. § 5–4–104(c)(1)(C); Ark.Code Ann. § 5–4–301(a)(1)(C).

104(e)(1)(B)(i), this court in *Lovell v. State*, 283 Ark. 425, 681 S.W.2d 395 (1984) (supplemental opinion on denial of rehearing), construed the sentencing provisions specifically contained within the Omnibus DWI Act as mandating a term of imprisonment that could not be reduced or suspended by a circuit court, even though driving while intoxicated was not at that time expressly included among the offenses for ₅which alternative sentencing was not available.[2]

Citing *Lovell*, the State argues that section 5–4–702 also mandates the imposition of a term of imprisonment that cannot be suspended by a circuit court. As additional support for its argument, the State relies on our decision in *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006). There, the State also sought the enhanced penalty under section 5–4–702 for the commission of an offense in the presence of a child. The jury found that the offense was committed in a child's presence but wrote "no action" on the verdict form in lieu of fixing a sentence. Nevertheless, the circuit court sentenced Sullivan on the enhancement to "one year in the Department of Correction, with one year suspended, consecutive to all other sentences imposed here." On appeal, Sullivan argued that the statute gives a jury the discretion not to impose a sentence and that the circuit court erred by disregarding the jury's decision not to mete out an enhanced penalty. This court disagreed with Sullivan's interpretation of the statute. We construed the phrase "may be subject to an enhanced sentence" as meaning that the State is given the option of seeking the enhanced sentence but that the jury is not given the option of imposing the enhanced sentence. Thus, we concluded that "[o]nce the jury determines that the defendant has committed a designated felony in the presence of a child, the jury has no option other than imposing a sentence of not less than one year nor more than ten years' imprisonment." *Sullivan*, 366 Ark. at 188–89, 234 S.W.3d at 289. Therefore, we held that the circuit court did not err by setting the sentence when the ₆jury failed to do so.

In *Sullivan*, the State suggested in a footnote of its brief that the suspended sentence on the enhancement was not authorized. However, we expressly declined to address the legality of the sentence because the State had not filed a cross-appeal from the judgment and commitment order. Thus, in *Sullivan*, we said only that a sentence must be imposed once it is found that the designated offense was committed in the presence of a child. We did not decide whether the circuit court possessed the authority to suspend the sentence.[3] Therefore, the issue under consideration in the present case is one of first impression.

Although the enhanced penalty set forth in section 5–4–702 is not mentioned as a sentence that cannot be suspended in either section 5–4–104 or section 5–4–301, our question here is whether section 5–4–702 is a statute where alternative sentencing is "specifically prohibited," as

2. Driving while intoxicated was subsequently added to sections 5–4–104 and 5–4–301 as one of the enumerated offenses for which alternative sentencing is not available by Act 608 of 1991 §§ 2 and 3.

3. The dissenting justices assert that our decision in *Sullivan* supports an affirmance here because this court did not reverse the suspended sentence imposed for the enhancement in that case. The dissent is wrong. The *Sullivan* court plainly and correctly declined to address the State's argument that the circuit court lacked the authority to suspend the sentence for the enhancement in the absence of a cross-appeal brought by the State. To suggest that this court tacitly approved the suspension of the sentence is disingenuous.

envisioned by section 5–4–104(e)(1)(B)(i). Our task then is to ascertain whether the General Assembly intended the imposition of the enhanced penalty to be mandatory and not subject to suspension or probation. This court reviews issues involving statutory construction de novo, as it is for this court to decide the meaning of a statute. *State v. Britt,* 368 Ark. 273, 244 S.W.3d 665 (2006). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Newman v. State,* 2011 Ark. 112, 380 S.W.3d 395; *State v. Havens,* 337 Ark. 161, 987 S.W.2d 686 (1999). Further, penal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant. *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817 (2005). However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Singleton v. State,* 2009 Ark. 594, 357 S.W.3d 891; *Bush v. State,* 338 Ark. 772, 2 S.W.3d 761 (1999). Statutes relating to the same subject must be construed together and in harmony, if possible. *Jester v. State,* 367 Ark. 249, 239 S.W.3d 484 (2006).

We now apply these principles to the statute under review. Pursuant to section 5–4–702(e), any person convicted of committing a designated offense in the presence of a child is not eligible for early release on parole or community-correction transfer. Ark.Code Ann. § 5–4–702(e). Plainly, subsection (e) is an expression of legislative intent for the enhanced sentence to be served in its entirety. Also, subsection (d) of the statute directs the enhanced portion of the sentence to be served consecutively to any other sentence imposed. Ark.Code Ann. § 5–4–702(d). However, if the enhanced sentence is suspended, other sentencing law requires periods of suspension to run concurrently with other suspended sentences and other terms of imprisonment. Ark.Code Ann. § 5–4–307(b)(1) & (2); *see also Hendrix v. State,* 291 Ark. 134, 722 S.W.2d 596 (1987) (holding that section 41–1206, now codified as section 5–4–307, prevents the stacking of periods of suspension or probation). Therefore, if the enhanced sentence is suspended, by law under section 5–4–307, it cannot be served consecutively as subsection (d) commands.[4] Accordingly, suspension defeats the clear legislative intent for the enhanced sentence to be served consecutively to the sentence imposed for the designated felony. When section 5–4–702 is considered as a whole and together with the provisions of section 5–4–307, it is obvious to this court that the General Assembly intended to mandate a term of imprisonment for the enhancement that is not subject to suspension. Consequently, we hold that the circuit court lacked the authority to suspend the sentence for the enhancement.[5] Thus, we reverse and remand for resentencing.

**4.** The dissent suggests that section 5–4–307 has no application in this case. However, we do not construe statutes in a vacuum, as all legislative acts relating to the same subject are said to be in pari materia and must be construed together and made to stand if they are capable of being reconciled. *Glaze v. State,* 2011 Ark. 464, 385 S.W.3d 203. Moreover, section 5–4–104(e)(1)(B)(i) specifically states that any suspended sentence must comply with the provisions of section 5–4–307.

Obviously, this statute is relevant to our analysis and cannot be ignored.

**5.** In a footnote to its brief, the State argues that the circuit court also imposed an illegal sentence by suspending execution of sentence, which is prohibited by section 5–4–104(e)(1)(B)(ii). In pronouncing the sentence, the circuit court sentenced Colvin on the enhancement to "one year consecutive, suspended." When a sentence is pro-

Further, we are mindful of Colvin's argument that the word "additional" in the phrase "may be subject to an enhanced sentence of an additional term of imprisonment" makes sentencing under the statute dependent upon whether the defendant receives a term of imprisonment for having committed the predicate offense. She asserts that the meaning of "an additional term of imprisonment" implies the imposition of an initial term of imprisonment. Based on this logic, she contends that no enhanced sentence can be imposed when, as here, the sentence for the designated offense is suspended, because there is no sentence to which the enhancement can be added. However, we have concluded that legislative intent mandates the imposition of an enhanced sentence, and we also hold that such intent cannot be circumvented by the simple act of suspending the sentence on the designated felony. It is axiomatic that this court will not interpret a statute in a manner that defeats its legislative purpose, nor will we interpret a statute to lead to an absurd result. *Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488.

Reversed and remanded.

HANNAH, C.J., and BAKER and HART, JJ., dissent.

KAREN R. BAKER, Justice, dissenting.

The majority holds that because Ark. Code Ann. § 5–4–702(a) (Supp.2011) requires a mandatory imposition of a term of imprisonment, the circuit court erred by suspending Colvin's sentence, and therefore, Colvin's suspended sentence was an illegal sentence. In reaching their conclusion, the majority ignores our long-standing case law on penal statutes. The majority's interpretation of Ark.Code Ann.

§ 5–4–702(a) is not one of strict construction, resolving all doubts in favor of Colvin, but impermissibly enlarges Colvin's punishment. In *Lawson v. State*, 295 Ark. 37, 41, 746 S.W.2d 544, 546 (1988), we explained that in interpreting criminal penal statutes, "[w]e have . . . always recognized the principle that penal laws should be strictly construed, *State v. Simmons*, 117 Ark. 159, 174 S.W. 238 (1915); *Burrell v. State*, 203 Ark. 1124, 160 S.W.2d 218 (1942); [and] that all doubts in construing a criminal statute must be resolved in favor of the defendant, *Stuart v. State*, 222 Ark. 102, 257 S.W.2d 372 (1953); *Knapp v. State*, 283 Ark. 346, 676 S.W.2d 729 (1984)." Additionally, "we are bound by the historic rule that penal statutes are to be strictly construed in favor of the accused and courts are not permitted to enlarge the punishment provided by the legislature either directly or by implication." *Savage v. Hawkins*, 239 Ark. 658, 660, 391 S.W.2d 18, 20 (1965) (citing *Simmons*, 117 Ark. 159, 174 S.W. 238 (1915)). The Supreme Court of the United States has stated, "[S]tatutes creating crimes are to be strictly construed in favor of the accused; they may not be held to extend to cases not covered by the words used." *United States v. Resnick*, 299 U.S. 207, 209, 57 S.Ct. 126, 81 L.Ed. 127 (1936) (citations omitted). Simply put, "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (internal citations and quotations omitted).

The majority's holding that Ark.Code Ann. § 5–4–702(a) requires a mandatory imposition of a term of imprisonment is not found within the words of the statute

nounced, and then suspended, the circuit court has suspended execution of sentence. *Stephenson, supra*. We agree with the State

that the court suspended execution of sentence in violation of section 5–4–104(e)(1)(B)(ii).

in question and is therefore incompatible with our previous holdings.

Further, Ark.Code Ann. §§ 5–4–104 and 5–4–301 (Supp.2011) do not support the majority's holding. Arkansas Code Annotated sections 5–4–104 and 5–4–301 specifically prohibit the imposition of suspended sentences for certain offenses. Arkansas Code Annotated section 5–4–702 is not listed in these excepted offenses. Arkansas Code Annotated section 5–4–104(e)(1)(B)(i) (Supp.2011) provides "In any other case, the court may suspend imposition of sentence ... except as otherwise *specifically prohibited by* statute." (Emphasis added). Our criminal code does not specifically prohibit the suspension of a sentence under Ark.Code |₁₁Ann. § 5–4–702(a).[1] Additionally, the majority relies on *Lovell v. State*, 283 Ark. 425, 681 S.W.2d 395 (1984) (supplemental opinion on denial of rehearing), holding that Colvin's sentence cannot be suspended, despite the fact that it is not expressly included among the offenses for which alternative sentencing was not available. However, *Lovell* supports affirming Colvin's suspended sentence because, in that case, we applied the specific act, the DWI Act—Ark. Stat. § 75–2504, over the general act, Ark. Stat. § 41–1201. We held that the specific DWI Act, which provided that a defendant found guilty under the Act "shall be imprisoned," was unequivocal in its language and applied the specific act over the general act, Ark. Stat. § 41–1201, which would have allowed the circuit court to suspend imposition of any

sentence. *Lovell v. State*, 283 Ark. at 434–B, 681 S.W.2d at 396.

Next, the majority holds that Colvin's sentence is illegal because suspended sentences must run concurrently pursuant to Ark.Code Ann. § 5–4–307(b)(1) (Repl. 2006). I disagree. A general statute, such as Ark.Code Ann. § 5–4–307(b)(1), does not apply when a specific one governs the subject matter. *Saline Cnty. v. Kinkead,* 84 Ark. 329, 105 S.W. 581 (1907); *Ballheimer v. Service Finance Corp.*, 292 Ark. 92, 95, 728 S.W.2d 178, 179 (1987)("[a] special |₁₂act applies to a particular case, it excludes the operation of a general act upon the same subject."). "[A] general statute does not apply when a specific one governs the subject matter." *Owens v. State*, 354 Ark. 644, 652, 128 S.W.3d 445, 449 (2003). Here, Ark.Code Ann. § 5–4–702(d) is a specific statute and dictates that Colvin's sentence run consecutively to any other sentence. *See also Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006)(Sullivan was sentenced to six months in the county jail for first-degree assault; ten years' suspended and a $1000 fine for false imprisonment and domestic battery; and five years' supervised probation and a $1000 fine for terroristic threatening. We then affirmed his one-year suspended sentence under the enhancement, Ark.Code Ann. § 5–4–702(a), to run consecutive to his underlying sentences).

Further, although the majority relies on *Sullivan* for its application of this court's interpretation of the term "may" in Ark.

---

1. The majority states that because Ark.Code Ann. § 5–4–702(e) provides that, any person convicted under this section is not eligible for early release on parole or community correction transfer for the enhanced portion of the sentence, it is clear that the legislature intended for any sentence imposed pursuant to the statute be served in its entirety. However, a suspended sentence is notably absent from those things that the legislature *specifically*

*prohibited.* If the legislature had intended to prohibit the entry of suspended sentence they certainly could have done so, and the fact that they did not clearly indicates that such a prohibition was not their intent. Further, the sentencing order demonstrates that Colvin was not "convicted [nor] sentenced pursuant to the provisions of the Community Punishment Act."

Code Ann. § 5–4–702(a), *Sullivan* actually supports affirming Colvin's sentence.[2] In *Sullivan*, we affirmed a one-year suspended sentence under Ark.Code Ann. § 5–4–702(a) and stated "[t]he trial court's one-year sentence was within the range prescribed by the legislature in § 5–4–702; thus, Sullivan was not subjected to an illegal ₁₃sentence."[3] *Sullivan v. State*, 366 Ark. at 189, 234 S.W.3d at 290. Clearly, we could have reversed and remanded *Sullivan* if we had found the imposition of a sentence of a term of imprisonment was mandatory. *See generally Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

Strictly interpreting Ark.Code Ann. § 5–4–702(a), and resolving all doubts in favor of Colvin, as we are bound to do, compels the conclusion that the circuit court was not specifically prohibited from suspending Colvin's one-year term of imprisonment under Ark.Code Ann. § 5–4–702(a).

Accordingly, I would affirm the circuit court.

HANNAH, C.J., and HART, J., join this dissent.

JOSEPHINE LINKER HART, Justice, dissenting.

I join Justice Baker's dissent, however, I write separately to emphasize what I believe is a glaring mistake of law in the majority opinion. The presence of ambiguous language in *Sullivan v. State*, 366

Ark. 183, 234 S.W.3d 285 (2006), prompted me to review the transcript to ascertain the exact sentence that was imposed on Mr. Sullivan. The judgment and commitment order clearly states that, on the enhancement, Mr. Sullivan was sentenced by the trial judge to one year suspended imposition of sentence. This court *affirmed* that sentence. Accordingly, *Sullivan* can only be authority for *affirming* the case before us.

---

**2.** The court's discussion of the term "may" in *Sullivan* was in response to Sullivan's argument regarding the imposition of a sentence under Ark.Code Ann. § 5–4–702(a) and is not applicable to Colvin's case. In *Sullivan*, we only addressed the issue of whether the jury had the discretion not to impose a sentence under Ark.Code Ann. § 5–4–702(a). We specifically declined to reach the issue of whether a mandatory sentence under Ark.Code Ann. § 5–4–702(a) is required, as presented in Colvin's case, because it was not preserved for

appeal. *Sullivan*, 366 Ark. at 185 n. 1, 234 S.W.3d at 287 n. 1.

**3.** With regard to Sullivan's sentence, the majority states "Nevertheless, the circuit court sentenced Sullivan on the enhancement to 'one year in the Department of Correction, with one year suspended, consecutive to all other sentences imposed here." For clarification, on the enhancement under Ark.Code Ann. § 5–4–702(a), Sullivan was sentenced to only a one-year term, which was suspended.