Josephine Linker Hart, Justice, dissenting. hHolding that 12 U.S.C. § 1716 et seq., the federal legislation that created the Federal National Mortgage Association, satisfies the authorized-to-do-business requirement embodied in Arkansas Code Annotated section 18-50-117, requires a fundamental misunderstanding of our system of federalism and does not comport with the rules of statutory construction. As the Supreme Court noted, dual sovereignty is a defining feature of our nation’s constitutional blueprint, and upon ratification of the Constitution, the States entered the Union “with their sovereignty intact.” Sossamon v. Texas, — U.S. -, 181 S.Ct. 1651, 1657, 179 L.Ed.2d 700 (2011) (quoting Federal Maritime Comm’n v. S. Carolina State Ports Authority, 585 U.S. 743, 751, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002)). Absent federal preemption, as provided for by the Supremacy Clause of Article 6 of the, United States Constitution, the sovereign state of Arkansas has the authority to regulate business within its borders. I am mindful that federal preemption can occur in three ways: “(1) express preemption, where Congress defines explicitly the extent to which its enactments preempt state law; (2) field preemption, where Congress’s regulation of a field is so pervasive or the federal interest is so dominant that an intent to occupy the entire field |2can be inferred; and (3) conflict preemption, where state law stands as an Obstacle to' the accomplishment of the full purposes and objectives of a federal statute.” GSS, LLC v. CenterPoint Energy Gas Transmission Co., 2014 Ark. 144, at 11, 432 S.W.3d 583, 590. Despite the majority’s citation to convenient language from a section of the U.S. Code[1] that is otherwise unrelated to the issue of express preemption, in my view, there is nothing in the legislation that created the Federal National Mortgage Association to indicate that Congress intended to override Arkansas banking law. In my view, the lack of federal preemption does not mean that the Federal National Mortgage Association cannot do business in Arkansas. It merely means that it is subject to some state regulation — the requirement that it obtain a certificate of authorization from the secretary of state. I am likewise mindful of the federal court decision in JPMorgan Chase Bank, N.A. v. Johnson, 719 F.3d 1010 (8th Cir.2013), which found that being “authorized by Congress to carry on business of banking throughout the United States” allowed the bank to utilize Arkansas’s statutory foreclosure procedure. However, I do not find it persuasive. JPMorgan stipulated that it was not authorized to do business in accordance with section 18-50-117, but the federal court found that the National Bank Act satisfied the authorized-to-do-business requirement. • I contend that a fairer interpretation of a national bank’s authority to do business throughout the United States means only that such an institution does not need an Arkansas charter to conduct banking business. That interpretation is consistent with Arkansas banking law.[2] This analysis should apply to the Federal National Mortgage Association |4because it is simply a federally chartered; but otherwise independent financial corporation. Given that Arkansas has retained its sovereignty in this area, the only entity that can “authorize” an entity to do business in this state, is the' State of Arkansas itself. Accordingly, the phrase is not ambiguous in that the alternative interpretation exists not because the words of the statute are unclear. The purpose of the rules of statutory construction is to give effect to the intent of the legislature. State v. Colvin, 2013 Ark. 203, 427 S.W.3d 635. While the so-called “first rule |fiof statutory construction” is to construe a -statute just as it reads, giving the words their ordinary and usually accepted meaning, Smith v. Simes, 2013 Ark. 477, 430 S.W.3d 690, interpretation of a statute should not be done in a vacuum. In construing any statute, we must place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. Colvin, supra., Statutes relating to the same subject must be construed together and in harmony, if possible. Id. In my view, section 18-50-117 requires, at a minimum, an Arkansas certificate of authority before an entity can undertake statutory foreclosure of properly in Arkansas. I respectfully dissent. . The full section reads as follows: § 1723a. General powers of Government National Mortgage Association and Federal National Mortgage Association (a) Seal, and other matters incident to operation Each of the bodies corporate named in section 1717(a)(2) of this title shall have power to adopt, alter, and use a corporate seal, which shall be judicially noticed; to enter into and perform contracts, leases, cooperative agreements, or other transactions, on such terms as it may deem appropriate, with any agency or instrumentality of the United States, or with any State, Territory, or possession, or the Commonwealth of Puerto Rico, or with any political subdivision thereof, or with any person, firm, association, or corporation; to execute, in accordance with its bylaws, all instruments necessary or appropriate in the exercise of any of its powers; in its corporate name, to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal, but no attachment, injunction, or other similar process, mesne or final, shall be issued against the property of the Association or against the Association with respect to its property; to conduct its business without regard to any qualification or similar statute in any State of the United States, including the District of Columbia, the Commonwealth of Puerto Rico, and the Territories and possessions of the United States; to lease, purchase, or acquire any property, real, personal, or mixed, or any interest therein, to hold, rent, maintain, modernize, renovate, improve, use, and operate such property, and to sell, for cash or credit, lease, or otherwise dispose of the same, at such time and in such manner as and to the extent that it may deem necessary or appropriate; to prescribe, repeal, and amend or modify, rules, regulations, or requirements governing the manner in which its general business may be conducted; to accept gifts or donations of services, or of property, real, personal, or mixed, tangible, or intangible, in aid of any of its purposes; and to do all things as are necessary or incidental to the proper management of its affairs and the proper conduct of its business. . Arkansas Code Annotated section 23-45-102 embraces this interpretation: (5)(A) "Bank” means a state bank or a national bank or an out-of-state state-chartered bank that has received a certificate of, authority under § 23-48-1001. Requiring a certificate of authority is not a particularly onerous requirement. Arkansas Code Annotated section 23-48-1001 states: ..(a) An out-of-state bank that desires to operate a branch location in the State of Arkansas, whether" initial entry into the state is by an interstate merger transaction or establishment of a full-service branch, shall apply for a certificate of authority to transact banking business in this state. An applicant shall deliver an application to the Bank Commissioner for filing by the consummation of an interstate merger transaction or before establishment of a full-service branch. The application shall state: (1) The name of the bank; (2) The name of the state or country under' whose law it is chartered; (3)⅝ Its date of formation and period of duration; (4) The street address of its principal office; (5) The address of its registered office in this state and the name of its registered agent at that office; and (6) The number and par value, if any, of shares of the bank’s capital stock owned or to be owned by residents of this state. (b) The bank shall deliver with the completed application a certificate of existence, or a document of similar import, duly authenticated by the bank supervisory agéncy which chartered the bank or other official having custody of the corporate records of banking institutions in the state or country under whose law it is chartered.