Paul E. Danielson, Justice, dissenting. The appellee in this case, Billy Gene Coble, came home and found his fourteen-year-old daughter alone in her bedroom with her seventeen-year-old boyfriend. The daughter was partially unclothed. After Coble sent the boyfriend away, the daughter tearfully begged Coble not to punish her. Coble agreed not to ^ground her or tell other family members, provided that she expose herself to him. She removed all of her clothes and, at her father’s direction, moved in various positions while he watched. He asked permission to hug her, and she refused. The daughter testified that she could see that her father was physically aroused. She reported the incident to police the following day, and Coble was charged with sexual indecency with a child. At a jury trial, the circuit court directed a verdict in Coble’s favor, finding that the State had failed to present evidence on a required element of Arkansas Code Annotated section 5-14-110(a)(4)(C) (Repl.2013). I cannot agree with the majority’s strained interpretation of section 5-14-110(a)(4)(C). Construing this statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, it clearly requires that the actor cause or coerce the victim to expose his or her sex organs to any person other than the victim. See, e.g., Hart v. State, 2014 Ark. 250, 2014 WL 2465343 (explaining our standard for review of statutory-interpretation issues). “Another person” includes the perpetrator. The majority’s contrary interpretation is nonsensical and leads to an absurd result — namely, that there can be no criminal liability for the guardian of a minor who, with the purpose to arouse or gratify his or her sexual desire, causes or coerces the minor to expose his or her sex organs to the guardian. We have said time and again that we will not interpret a statute in a manner that defeats its legislative purpose, nor will we interpret a statute to lead to an absurd result. See, e.g., State v. Colvin, 2013 Ark. 203, 427 S.W.3d 635. To the extent that the majority suggests that Coble could have been charged and convicted under section 5-14-110(a)(5), I note that that section applies only to victims who 17are less than fourteen years of age. Ark.Code Ann. § 5 — 14—110(a)(5) (Repl. 2013). The victim in this case was fourteen years old at the time of the alleged offense; accordingly, section 5-14-110(a)(5) wouldnotapply. For these reasons, I dissent and would declare error in the circuit court’s interpretation of the statute. Brill, C.J., joins in this dissent, .