Josephine Linker Hart, Justice, dissenting. The majority misreads the statute as it applies to the facts presented here. Further, the majority adds words to the statute in^order to support its interpretation. Also, after noting that the statute is ambiguous, the majority does not apply the rule of lenity that is applicable when interpreting ambiguous criminal statutes. Thus, I respectfully dissent. Arkansas Code Annotated section 5-4-404 (Repl. 2013) provides as follows: If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court, the Department of Correction, or the Department of Community Correction shall credit the time spent in custody against the sentence, including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction. Thus, if a defendant is held in “custody” for “conduct” that results in a “sentence to imprisonment,” then the defendant is entitled to “credit” against the “sentence” for the “time spent in custody.” Here, all three elements are present. First, Michael L. Burgess pleaded guilty to “conduct,” specifically, three counts of first-degree felony terroristic threatening. Second, on revocation, his “conduct” resulted in a “sentence of imprisonment” of thirty-six months. Third, he was held in “custody” for 120 days for “conduct” that constituted the underlying offense and not for violating a condition of probation. Moreover, the 120 days was not a sentence; it was custody because that period of time is “not deemed a sentence to a term of imprisonment.” Ark.Code Ann. § 5-4-304(b). Thus, he is entitled to credit for the time spent in custody — 120 days — against the sentence of thirty-six months’ imprisonment. The majority concludes that “custody” means “pretrial incarceration.” In order to reach that conclusion, the majority essentially adds the word “pretrial” to the statute as a word |1Bof limitation on the statute’s applicability. This is not a permissible method of statutory construction. In construing statutes, this court will not add words to a statute to convey a meaning that is not there. Our Cmty., Our Dollars v. Bullock, 2014 Ark. 457, at 18, 452 S.W.3d 552, 563. Furthermore, the majority states that the statute is ambiguous. Thus, the applicable rule of construction is that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. State v. Colvin, 2013 Ark. 203, at 10, 427 S.W.3d 635, 641 (Baker, J., dissenting). Despite the majority’s assertion of ambiguity, however, it nevertheless construes the statute against Burgess. Essentially, the majority has increased the statutory maximum for any sentence by 120 days although this increase has not been expressly stated anywhere in our criminal statutes. A sentence that exceeds the statutory maximum is an illegal sentence. See, e.g., Bell v. State, 2015 Ark. 370, at 3, 2015 WL 5895447 (per curiam). Burgess is entitled to 120 days’ credit against his sentence. I respectfully dissent. Baker, J., joins in this dissent.