Luis Eduardo RENDEROS *v.* STATE of Arkansas

CA CR 04-1056                                            213 S.W.3d 37

Court of Appeals of Arkansas
Opinion delivered September 14, 2005

*Milligan Law Offices*, by: *Kevin L. Hickey*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant in this criminal case was charged with sexual indecency with a child, a violation of Ark. Code Ann. § 5-14-110(a)(1) (Supp. 2003). After a jury trial, he was convicted of that offense, fined, and sentenced to imprisonment and community service. On appeal, he argues that his conviction is not supported by substantial evidence because there was no evidence that he "solicited" sexual contact with the victim. We disagree, and we affirm.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Heape v. State*, 87 Ark. App. 370, 192 S.W.3d 281 (2004). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id*. A person commits sexual indecency with a child if, being eighteen years old or older, the person solicits another person who is less than fifteen years of age or who is represented to be less than fifteen years of age to engage

in sexual intercourse, deviate sexual activity, or sexual contact. Ark. Code Ann. § 5-14-110(a)(1). Appellant admits that he had sexual intercourse with the victim and that their ages meet the statutory requirements for the offense. The issue is simply whether appellant's conduct constituted "solicitation" of the victim to engage in sexual intercourse, deviate sexual activity, or sexual contact.

In *Heape v. State, supra,* we adopted a definition of "solicitation" for Ark. Code Ann. § 5-14-110, stating that:

> The definitions of the verb "solicit" in *Webster's Third New International Dictionary* 2169 (1993) include the following:
>
> 3: to make petition to: ENTREAT, IMPORTUNE . . .; *esp*: to approach with a request or plea (as in selling or begging) . . .
>
> 4: to move to action . . .
>
> 7: to endeavor to obtain by asking or pleading: plead for . . .; also to seek eagerly or actively
>
> 10: to serve as a temptation . . . [.]

The gravamen of the offense set out in Ark. Code Ann. § 5-14-110(a) is the inducement of a child to engage in a sexual act. *Compare Gattem v. Gonzales,* 412 F.3d 758 (7th Cir. 2005). We do not think that the statute should be read so narrowly as to require that inducement be expressed verbally where there is evidence of unambiguous nonverbal inducement.[1] Here, appellant admitted at trial that he and the victim were alone in the attic of a garage when he pulled the victim's pants down and had sexual intercourse with her. The victim testified that she did not consent, repeatedly said "no" and attempted to pull her pants back up, but that appellant pinned her arms down by her side. We think that the finder of fact could reasonably conclude that the act of forcibly and

---

[1] A nonverbal act was held to constitute solicitation in *People ex rel. Friedman v. Framer,* 208 Misc. 236, 139 N.Y.S.2d 331 (N.Y. Mag. Ct. 1954), where the court held that "[t]he only thing that is necessary is that the means employed for the asking of something, whether by oral or mute conduct, justify the person importuned or implored in treating the request as a serious request that such person be moved to action." 208 Misc. at 242, 139 N.Y.S.2d at 337.

persistently pulling a girl's pants down against her wishes while alone with her in a garage attic is unmistakably importuning her to commit sexual indecency, and we affirm.

Affirmed.

GLADWIN and GLOVER, JJ., agree.