2014 Ark. App. 390

Herbert C. RULE, III, Appellant

v.

STATE of Arkansas, Appellee.

No. CR–13–1087.

Court of Appeals of Arkansas.

June 18, 2014.

Matthews, Campbell, Rhoads, McClure & Thompson, P.A., Rogers, by: Edwin N. McClure, for appellant.

Dustin McDaniel, Att'y Gen., by: Rachel H. Kemp, Ass't Att'y Gen., for appellee.

ROBIN F. WYNNE, Judge.

Herbert C. Rule, III, appeals his conviction for driving while intoxicated (DWI), challenging the sufficiency of the evidence. We affirm.

On August 9, 2012, appellant was arrested and charged with DWI, violation of the implied-consent law, improper lane usage, and failure to use a turn signal. After he was found guilty of these offenses in district court, he appealed to the Washington County Circuit Court. At the bench trial, the arresting officer, Jimmy Wicker of the Fayetteville Police Department, testified that he was with his field-training officer when he saw appellant's vehicle drift left of the white dotted line, make an improper lane change, and fail to signal. Officer Wicker initiated a traffic stop, and while appellant had no difficulty stopping, he parked on the incline to the entrance of the Walgreens Pharmacy on Joyce Boulevard. When asked, appellant pulled into the parking lot, completely onto a level surface, so that the officer could park out of the roadway. Appellant denied having had anything to drink that night. After speaking with appellant and his passenger and getting appellant's license and registration, Officer Wicker decided to perform field-sobriety testing based on appellant's manner of driving, the several traffic violations he observed, the odor of alcohol that he smelled coming from the vehicle, and the inconsistencies between appellant's and his passenger's stories. Officer Wicker administered the horizontal-gaze-nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand. Appellant agreed to take the tests, but he stated that he had a bad knee. Officer Wicker testified that he administered the HGN test and noted a total of four out of six clues. However, he admitted on cross-examination that he had administered the test incorrectly. Officer Wicker testified that when he administered the walk-and-turn test, he observed six out of eight possible clues. On the one-leg-stand test, appellant exhibited four out of four clues. After the tests, he placed appellant under arrest for DWI, at which point he again smelled the odor of intoxicants. Officer Wicker described appellant as "uncooperative." Officer Wicker testified that it was his opinion that appellant was too intoxicated to operate a motor vehicle, based on appellant's manner of driving, inconsistency of stories with his passenger, performance on the field-sobriety tests, his mannerisms, speaking, and replying, and his not immediately responding to requests to put things in the back of his car before testing. At the Washington County jail, appellant refused to sign the Arkansas DWI Statement of Rights form and refused to take a breathalyzer test. Wicker testified that appellant requested an attorney when he was going over the statement-of-rights form with him.

Corporal Greg Dawson testified that he was Officer Wicker's field-training officer on the night of appellant's arrest. He stated that on that night Wicker was almost done with his field training; he was in the fourth and final phase. He observed Officer Wicker administer the tests and did not notice any errors in the instructions, demonstrations, or actual testing. Corporal Dawson testified that in his opinion appellant was uncooperative and annoyed by the officers. Appellant did not appear to have any injuries, visual impairments, or difficulty understanding what Officer Wicker was telling him. Corporal Dawson stated that if Officer Wicker testified that he had administered the HGN test incorrectly, he would believe him.

Appellant made a motion for directed verdict on the DWI charge, arguing that

the evidence was insufficient to support a conviction and that he was entitled to a directed verdict based on the following: there was no breath test; the only evidence of a traffic infraction was the failure to use a turn signal, while there were multiple examples of appellant driving correctly; the State had not "introduced any inconsistent stories"; the officer testified that he performed the HGN test incorrectly; and "the agency that administers and regulates the field sobriety tests has stated that its tests are not certified for individuals over age sixty-five." Appellant was seventy-four years old at the time of his arrest. The court, treating the motion as one to dismiss, held that the State had offered sufficient evidence on each element to create a fact question; accordingly, the court denied the motion. After hearing the parties' closing arguments, the court took the case under advisement. Included in the evidence before the court were (1) a video of the traffic stop and (2) National Highway Traffic Safety Administration training course material stating that neither the walk-and-turn test nor the one-leg stand has been researched with individuals over sixty-five years of age.

The trial court issued a letter opinion on August 23, 2013, which included the following findings:

With respect to whether the Defendant violated the provisions of the Omnibus DWI Act of 1983, it should be noted not one fact standing alone conclusively establishes Mr. Rule was intoxicated while operating his motor vehicle. Here the evidence shows Mr. Rule failed all three of the field sobriety tests administered by the police officer, but under the circumstances I have not given predominant weight to the test results in reaching my decision.

The other relevant facts which are, in my view, indicia of Mr. Rule's intoxication are:

(1) Defendant's inability to discern the clearly marked lanes south of the intersection of College Avenue and Joyce Boulevard and his apparent confusion prior to negotiating the turn;

(2) Defendant's initial stop at the Walgreen's west entrance with his vehicle partially in the roadway;

(3) Defendant's demeanor throughout the encounter which the police officers described as "uncooperative";

(4) Defendant's refusal to sign the Arkansas Statement of Rights form;

(5) Defendant's refusal to submit to a chemical test for the purpose of determining his alcohol or controlled substance content;

(6) The police officer's opinion that Defendant was intoxicated.

Based on the foregoing I have concluded the State has met its burden of proof by proving beyond a reasonable doubt that Mr. Rule was intoxicated while operating his motor vehicle on August 9, 2012.

In an order entered on September 13, 2013, appellant was sentenced to 365 days in jail with 364 days suspended, with credit for one day served, conditioned upon appellant having no similar offenses for one year. He was ordered to pay a fine, court costs, and fees. Appellant timely appealed and challenges only his DWI conviction on appeal.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Vance v. State*, 2011 Ark. App. 413, 2011 WL 2141156. When the sufficiency of the evidence is challenged in a criminal conviction, we review the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence that induces the mind to go beyond mere suspicion or conjecture, and that is of

sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Id.*

It is unlawful for any person who is intoxicated to operate or be in actual physical control of a motor vehicle. Ark.Code Ann. § 5–65–103(a) (Repl.2005). "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians. Ark.Code Ann. § 5–65–102(2) (Repl.2005). Here, appellant argues that his DWI conviction is not supported by substantial evidence. He contends that the field-sobriety tests should not be considered because they were improperly administered and not certified for a man of his age. He argues that, absent the field-sobriety tests, there is insufficient evidence to sustain his conviction for DWI.

Regarding the field-sobriety tests, appellant contends that the HGN test should not have been relied on by the court because it was admittedly improperly administered. As for the other two field-sobriety tests, he argues that they should not have been given to him because he was over the age of sixty-five and they have not been "researched with individuals over 65 years of age." The only case he cites is *U.S. v. Horn*, 185 F.Supp.2d 530 (D.Md. 2002), in which the court held that results of properly administered field-sobriety tests may be admitted into evidence in a DWI/DUI case only as circumstantial evidence of intoxication or impairment but not as direct evidence of specific blood alcohol content. He further notes, apparently for the first time on appeal, that according to a journal article, the tests are meant to be given as a group. *See* Steven J. Rubenezer, *The Standardized Field Sobriety Tests: A Review of the Scientific and Legal Issues,* 32 Law & Hum. Behav. 293, 297 (2008).

It is within the province of the finder of fact to determine the weight of the evidence, *Brawner v. State,* 2013 Ark. App. 413, 428 S.W.3d 600, and here the trial court did not give the field-sobriety tests "predominant" weight. Instead, the court expressly relied on several factors when it found beyond a reasonable doubt that appellant was guilty of DWI. Among those factors was the arresting officer's opinion that appellant was intoxicated-an opinion based on more than merely the field-sobriety tests. The observations of police officers with regard to the smell of alcohol and actions consistent with intoxication can constitute competent evidence to support a DWI charge. *Johnson v. State,* 337 Ark. 196, 987 S.W.2d 694 (1999). Opinion testimony regarding intoxication is admissible. *Id.* Furthermore, the refusal to be tested is admissible evidence on the issue of intoxication and may indicate the defendant's fear of the results of the test and the consciousness of guilt. *Id.* In sum, although appellant offers alternative explanations for the factors relied upon by the trial court as evidence of his guilt, the weight of the evidence and the credibility of the witnesses were matters for the trial court. *Brawner, supra.*

Viewing the evidence in the light most favorable to the State, we hold that the evidence was sufficient to support appellant's conviction.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.