Cite as 2014 Ark. App. 584

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–1160

|  |  |  |
|---|---|---|
| ASHLEY MALVIN | | **Opinion Delivered** October 29, 2014 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 2012-3374] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Ashley Malvin appeals from his convictions for computer exploitation of a child; distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child; and sexual indecency with a child. He argues on appeal that the State failed to prove that he committed sexual indecency with a child because it failed to prove that he exposed his penis to the minor victim. We disagree and affirm.

Appellant was charged with computer exploitation of a child; distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child; and sexual indecency with a child. He waived his right to a jury trial. T.H., who was sixteen years old at the time of the trial, testified that appellant was a pastor at her church. According to T.H.'s testimony, her relationship with appellant turned sexual in 2011, when she was fourteen. T.H. stated that appellant sent her photos of his penis. Copies of the photographs appellant

SLIP OPINION

sent to T.H. were admitted into evidence. T.H. testified that appellant sent the pictures from his cell phone to her cell phone during text conversations.

After the State rested its case, appellant made a motion to dismiss the charges. With regard to the charge of sexual indecency with a minor, appellant argued that the State had not met its burden because the proof was that he exposed a picture of his penis to the victim as opposed to exposing his penis itself. The motion was denied. At the close of all the evidence, the motion was renewed and denied again. The trial court found appellant guilty on all three counts, and sentenced him to seventy-two months' imprisonment on each count, with the sentences ordered to run concurrently. This appeal followed.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Rule v. State*, 2014 Ark. App. 390, 438 S.W.3d 279. When the sufficiency of the evidence is challenged in a criminal conviction, we review the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence that induces the mind to go beyond mere suspicion or conjecture, and that is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Id.*

Appellant argues on appeal that his conviction for sexual indecency with a child is not supported by substantial evidence because the State failed to prove that he exposed his penis to the minor victim. A person commits sexual indecency with a child if with the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of any other person, the person purposely exposes his or her sex organs to a minor, and the actor is the minor's

SLIP OPINION

guardian, an employee in the minor's school or school district, a temporary caretaker, or a person in a position of trust and authority over the minor. Ark. Code Ann. § 5-14-110(a)(3)(C) (Repl. 2013).

Appellant contends in his brief, as he did at trial, that sending a picture of his penis to the victim does not satisfy the requirement in the statute that he "expose his sexual organs." His argument requires us to determine the meaning of the phrase "exposes his or her sex organs" in section 5-14-110(a)(3)(C). This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

"Expose" is defined as laying open to view. *Webster's Third New International Dictionary* 802 (2002). Applying the plain meaning of the term "expose," the State was required to establish that appellant laid open to view his sexual organs to T.H. to arouse or gratify his sexual desire, and that he was in a position of trust and authority over T.H. Appellant argues that he did not expose his penis to T.H.; rather, he exposed a picture of his penis, which he

maintains does not meet the requirements of the statute. We do not agree. Appellant intentionally laid his penis open to view by a minor who was a member of his church congregation for the purpose of arousing or gratifying his sexual desire. His penis is what he exposed to T.H.; a photograph was simply the manner he selected for her to view his exposed penis. What he exposed (his penis), combined with whom it was exposed to (a minor), why it was exposed (for the purpose of arousal or sexual gratification), and his position of trust and authority over the victim constitute the elements necessary for the commission of the offense. The manner in which T.H. viewed the exposure does not take appellant's conduct outside of that prohibited by the statute. This is illustrated by the fact that when T.H. viewed the photograph as its intended recipient, what she saw was no different than what she would have seen had appellant pulled down his pants while standing in front of her. Appellant's conduct in this case meets the requirements of the statute, and the trial court's verdict is supported by substantial evidence.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Kent C. Krause.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.